227 F.2d 858
 Evans B. JOHNSON, Executor of the Last Will and Testament of
Jimmie F. Johnson, Deceased, Plaintiff-Appellee,
v.
CHESAPEAKE AND OHIO RAILWAY COMPANY, Defendant-Appellant.
Leland W. PATTERSON, Administrator of the Estate of Truly
Patterson, Deceased, Plaintiff-Appellee,
v.
CHESAPEAKE AND OHIO RAILWAY COMPANY, Defendant-Appellant.
Leland W. PATTERSON, Plaintiff-Appellee,
v.
CHESAPEAKE AND OHIO RAILWAY COMPANY, Defendant-Appellant.
 Nos. 11416-11418.
 United States Court of Appeals Seventh Circuit.
 Nov. 30, 1955.
 
 Owen Voigt, Jeffersonville, Ind., Homer E. Hostettler, Henryville, Ind., Paul F. Brady, Jeffersonville, Ind., for plaintiffs-appellees.
 Russel J. Wildman, Albert H. Cole, Jr., Cole, Wildman & Cole, Peru, Ind., for defendant.
 Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.
 MAJOR, Circuit Judge.
 
 
 1
 These actions were brought to recover damages caused by the alleged negligence of defendant in the operation of one of its trains over a public highway crossing at which time it collided with an automobile owned and driven by Leland W. Patterson. The occupants of the automobile other than Patterson were his wife, Truly Patterson, seated to his right on the front seat, and Virgil D. Johnson, seated to the left, and his wife, Jimmie F. Johnson, seated to the right on the rear seat. The collision occurred on November 21, 1952, at about 9:15 p.m., at the southern boundary of Losantville, Indiana, where Main Street crosses or intersects the track of the defendant railway company. At that point Main Street extends in a general northerly and southerly direction and the railroad track in a general easterly and westerly direction. The automobile was proceeding south on Main Street and defendant's train was traveling east.
 
 
 2
 As a result of the collision, Leland W. Patterson and Virgil D. Johnson received injuries for which they sought damages in their separate actions. Also as a result of the collision, Truly Patterson, wife of Leland Patterson, and Jimmie F. Johnson, wife of Virgil D. Johnson, were killed. For their deaths, damages were sought in separate actions, for the former by Leland W. Patterson, administrator of the estate of Truly Patterson, deceased, and for the latter by Evans B. Johnson, executor of the last will and testament of Jimmie F. Johnson, deceased. The four separate causes of action were consolidated for trial and a jury verdict was returned favorable to the plaintiff in each case. After the denial of a motion for a new trial, judgments were entered in accordance with the jury verdicts. From the judgment in favor of Evans B. Johnson, executor of the last will and testament of Jimmie F .Johnson, deceased, defendant appeals in No. 11416; from the judgment in favor of Leland W. Patterson, administrator of the estate of Truly Patterson, deceased, defendant appeals in No. 11417, and from the judgment in favor of Leland W. Patterson, defendant appeals in No. 11418. No appeal was taken from the judgment in favor of Virgil D. Johnson.
 
 
 3
 The sole questions raised on these appeals, as stated in defendant's brief are: (a) Did the court err in giving its thirty-fifth instruction? and (b) Were the plaintiffs or the decedents or their widowers guilty of contributory negligence such as would preclude recovery of damages, and therefore did the court err in refusing defendant's peremptory instructions Nos. 3 and 4?
 
 
 4
 Plaintiffs contend that defendant is precluded from raising these questions on review for the reason that they were not properly preserved in the trial court. Particularly it is contended that there was a failure on the part of the defendant to properly object to the giving of the 35th instruction or the refusing of defendant's proffered instructions Nos. 3 and 4, as required by Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Furthermore, it is contended that the issue of contributory negligence is not properly before this court because of defendant's failure to move for a directed verdict in its favor. We think there is merit in plaintiffs' contention; in fact, the condition of the record creates a strong suspicion that the asserted errors now sought to be reviewed were an afterthought.
 
 
 5
 The court's charge to the jury was arranged in numerical form, from 1 to 54, inclusive. The charge was lengthy and occupies some eighteen pages of the printed transcript. Prior to the submission of the cases to the jury and in its absence, the court suggested that it would hear any objections or exceptions to the instructions as given as well as to those which had been tendered and refused. The sole objection made by the defendant was as follows:
 
 
 6
 'The defendant in each of these cases excepts to the Court's refusal to give each of the instructions tendered from Numbers 1 to 24.
 
 
 7
 'The defendant excepts to each of the Court's instructions that tells the jury that if the negligence of the defendant was such in each of the cases as to amount to the proximate cause of the plaintiffs' injuries that-- and that the plaintiffs themselves were free from fault or contributory negligence-- that a verdict should be returned for the plaintiff. It instructs under what circumstances a verdict shall return and omits the defense that the negligence of Leland Patterson may have been the sole proximate cause of the plaintiffs' injuries in the separate cases; and it omits the defense that the negligence of Virgil D. Johnson as the widower of Jimmie F. Johnson may have had the effect of reducing the size of any verdict that might be returned in the case of Evans B. Johnson, Executor v. The Chesapeake & Ohio Railway Company.
 
 
 8
 'We object to the instruction also for the reason that it does not require that the negligence of the defendant be the sole proximate cause of the plaintiffs' injuries before a verdict can be returned for the plaintiff.'
 
 
 9
 It will be noted that neither instructions 3 and 4, tendered by the defendant and refused, nor instruction 35, as given, was specifically mentioned in the objections. The objections amounted to little more than a broadside directed at the entire charge as given and at the refusal to give all of defendant's tendered instructions. No reason was stated as a basis for the objection to the court's refusal to give instructions, and it was made as to all refused instructions without specifying any particular one. The objection to the instructions as given did state some reasons as a basis therefor but, again, no particular instruction was specified.
 
 Rule 51 provides in part:
 
 10
 'No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.'
 
 
 11
 It will be noted that the rule requires objection to 'an instruction,' which evidently does not embrace objection to a charge as a whole, either as given or refused. More than that, even though the objection be directed at 'an instruction,' it must state 'distinctly the matter to which he objects and the grounds of his objection.' As was stated in Palmer v. Hoffman, 318 U.S. 109, 119, 63 S.Ct. 477, 483, 87 L.Ed. 645;
 
 
 12
 'In fairness to the trial court and to the parties, objections to a charge must be sufficiently specific to bring into focus the precise nature of the alleged error. Where a party might have obtained the correct charge by specifically calling the attention of the trial court to the error and where part of the charge was correct, he may not through a general exception obtain a new trial. (Citing cases.)'
 
 
 13
 To hold that defendant's objections to the given instructions were sufficient to meet the requirements of Rule 51 would mean that the court when the objections were made was obliged to go through each of the fifty-four instructions and determine, if it could, to which, if any, the objections were applicable. We do not think that Rule 51 is susceptible of a construction which would impose such a burden on a trial judge. If the objections were directed at instruction 35, as is now contended, counsel at the time of making the objections should have so stated, thereby calling the particular attention of the court to that instruction. Defendant in its brief complains of the difficulty in making specific objections to the instructions under the circumstances. It states:
 
 
 14
 'It is indeed difficult for counsel to state specific objections to instructions, when, as in this case, counsel is not furnished with a copy of the instructions to be given, nor even to have them in his hands and read them, and must sit quietly by trying to make mental notes of erroneous instructions, while the court reads them to the jury, and then make specific objections from mental notes made while hearing the instructions read.'
 
 Rule 51, however, provides:
 
 15
 'The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed.'
 
 
 16
 It would seem that a request for compliance with this provision would obviate the suggested difficulty.
 
 
 17
 For the reasons thus stated, we are of the view that the issues which defendant argues here were not properly preserved for review. However, we are hardly satisfied to rest our decision solely on that basis and have considered the merits of the issues presented. The 35th instruction, to which defendant contends its objection was directed, is, to say the least, confusing, and perhaps in some respects erroneous. The confusion no doubt arises from the complicated situation confronting the court due to the nature of the cases and the fact that they were consolidated for trial. The instruction reads:
 
 
 18
 'On the other hand, if you find that the defendant was negligent, as charged in each of the complaints, and that such negligence was the proximate cause of the accident or injuries complained of, and if you further find that the plaintiffs, in their individual cases were, or any of them in their respective cases was, not guilty of any contributory negligence, and if you also find that the driver of the automobile, Leland Patterson, was not guilty of negligence which was the sole proximate cause of the accident and injuries complained of, then your verdicts or verdict should be for the plaintiffs, in such individual cases, or for any of them in such respective cases * * *.'
 
 
 19
 After reading this instruction many times, we are in some doubt as to the meaning which it would convey to a jury.
 
 
 20
 Defendant cites Indiana cases which attribute different meanings to the terms 'proximate cause' and 'sole proximate cause.' We do not agree with defendant's contention that there was error in failure to tell the jury that there could be no recovery unless it found that defendant's negligence was the sole proximate cause of the accident. The first part of the instruction clearly conveyed the same meaning by telling the jury that plaintiffs were entitled to recover if it found that defendant's negligence was the proximate cause of the accident and if it further found that plaintiffs were not guilty of any contributory negligence. In other words, plaintiffs were entitled to recover if defendant's negligence was the sole proximate cause of the accident or, on the other hand, they were entitled to recover if defendant's negligence was the proximate cause of the accident, providing plaintiffs were free from any contributory negligence. The instruction, however, continued, 'and if you also find that the driver of the automobile, Leland Patterson, was not guilty of negligence which was the sole proximate cause of the accident and injuries complained of.' This statement, standing alone, was error as to the plaintiff Leland Patterson, both in his individual and representative capacity because to defeat recovery in those cases it was only necessary for the jury to believe that Patterson's negligence contributed to and was a concurring cause of the accident, not that it was the sole proximate cause. We also agree with defendant's contention that negligence on the part of the two decedents, Truly Patterson and Jimmie F. Johnson, would defeat recovery in the cases brought by their representatives and that the instruction failed to so inform the jury.
 
 
 21
 Defendant cites a number of cases to the effect that an erroneous instruction mandatory in form cannot be cured by other instructions. In our view, that rule has no application here because, in addition to the general rule that the instructions must be considered as a whole, the court in the instant case specifically instructed the jury:
 
 
 22
 '* * * you are not to single out any certain sentence or any individual point or instruction, and ignore the others, but you are to consider all the instructions, and as a whole, and you are to regard each instruction in the light of all the others.'
 
 
 23
 The court time and again instructed the jury that negligence on the part of either Leland Patterson or Virgil D. Johnson which proximately caused the accident would preclude recovery in their individual cases and that negligence on the part of the decedents, Truly Patterson and Jimmie F. Johnson, which proximately contributed to the accident would bar a recovery in the cases brought by their representatives. The court instructed:
 
 
 24
 'Contributory negligence is generally taken to mean negligence on the part of a person, usually the plaintiff, (but in these cases, Jimmie F. Johnson, Truly Patterson, Virgil Johnson and Leland Patterson) which proximately contributed to the accident or injury complained of.'
 
 
 25
 Instructions Nos. 32, 33 and 34, which immediately preceded instruction No. 35 (here under attack), so clearly and specifically stated the law that there is no reason to believe that the jury could have been misled by instruction No. 35. Instruction No. 32 stated:
 
 
 26
 'In the case of Leland Patterson, if you find that the defendant was not negligent as claimed, or if it was negligent that the plaintiff was also negligent, and that such negligence on the part of the plaintiff proximately contributed to or helped cause the alleged accident or injury complained of, of if you find that said plaintiff was negligent and his negligence was the sole proximate cause of the accident and injuries complained of, then said plaintiff cannot recover * * *.'
 
 Instruction No. 33 stated:
 
 27
 'In the case of Evans B. Johnson, Executor of the Last Will and Testament of Jimmie F. Johnson, if you find that the defendant was not negligent as claimed, or if it was negligent, that the plaintiff's decedent, Jimmie F. Johnson, was also negligent, and that such negligence on the part of Jimmie F. Johnson proximately contributed to or helped cause the alleged accident or injuries complained of, or if you find that the driver of the automobile, Leland Patterson, was negligent and that his negligence was the sole proximate cause of the accident or injuries complained of, then the plaintiff cannot recover * * *.'
 
 
 28
 Instruction No. 34 informed the jury as to the elements which would preclude recovery by Leland Patterson in his representative capacity in the same manner as instruction No. 33 informed the jury as to the circumstances which would bar recovery by Evans B. Johnson in his representative capacity. We are convinced that the instructions as a whole were as favorable to defendant as it could reasonably expect, and perhaps more so, and that instruction No. 35, even though subject to criticism standing alone, could not have misled the jury.
 
 
 29
 As we have already stated, no motion was made by the defendant for a directed verdict but it is urged that refused instructions Nos. 3 and 4, being peremptory in form, served the same purpose and should be given the same effect. The refused instructions relied upon read as follows:
 
 
 30
 'Instruction No. 3.
 
 
 31
 'You are instructed there is no evidence from which you can find the defendant was guilty of any negligence which was the sole proximate cause of the death of plaintiff's decedent, and you will return a verdict for the defendant.'
 
 
 32
 'Instruction No. 4.
 
 
 33
 'You are instructed that if the evidence shows the defendant was guilty of any negligence, such negligence was not the proximate cause of the death of the plaintiff's decedent, and you will therefore return a verdict for the defendant.'
 
 
 34
 In addition to what we have heretofore said regarding these proffered instructions, it is apparent that neither of them had any application to the two cases wherein the plaintiffs were individuals. Each relates to a case brought in a representative capacity for the death of plaintiff's decedent but it is not discernible whether the case referred to is that which sought recovery for the death of Truly Patterson or for the death of Jimmie F. Johnson. Therefore, in addition to the reasons heretofore stated, we are definitely of the view that proffered instructions 3 and 4 could not in any event be regarded as having the effect of a motion for a directed verdict.
 
 
 35
 It is not argued here but that the evidence was sufficient to take the case to the jury on the issue of defendant's negligence but it is contended that the proof shows contributory negligence on the part of the plaintiffs and their decedents which, as a matter of law, was such as to bar a recovery. Even though we assume, contrary to what we hold, that such question is properly here for review, we think it is without merit. Under the circumstances, no good purpose could be served in relating the testimony as it bears on that issue. It is sufficient to state that we have read it and are satisfied that it was sufficient to require submission of the issue to the jury. This is not to say that defendant does not make a plausible argument in its favor on the issue on contributory negligence, but it is one which should have been made, and no doubt was, to the trier of the facts rather than to a reviewing court.
 
 The judgments appealed from are
 
 36
 Affirmed.